## Lexington Railway Co. v. Cropper.

(Decided February 2, 1911.)

### Appeal from Fayette Circuit Court.

1. Master and Servant—Damages—Action for—Recovery.—Appellee while employed as foreman in appellant's car barn and yard in Lexington Ky., fell into a pit and was seriously and permanently injured for which he sued appellant and recovered a judgment for $4,000.00 in damages, from which judgment this appeal is prosecuted.

2. Same—Assumption of Risks.—Held, that while the servant assumes all the risks incident to his employment he does not assume such risks as arise out of the master's negligence.

3. Same—Burden of Proof.—It is well settled in this State that the burden is on the master to show that the servant took the risk with knowledge of the danger and that he failed to use ordinary care for his own safety, but for which he would not have been injured.

4. Same—Question for Jury.—Whether appellee's injuries resulted from his failure to exercise ordinary care in approaching the pit into which he fell, was a question for the jury, as was the question of assumed risk, and whether the appellant's servants in moving the car in appellee's absence, exposing the pit into which he fell, and thus creating such a change of conditions as made it dangerous for him to approach the car, were guilty of negligence.

5. Physical Examination—Right to Demand.—Where a plaintiff in a damage suit for injuries received has the arbitrary right to demand a physical examination, is a matter addressed to the sound discretion of the trial court, and on appeal its ruling will not be disturbed unless it is made to appear that there was an abuse of such discretion.

6. Excessive Damages—Evidence.—A verdict awarding a plaintiff $4,000.00 in damages for injuries sustained will not be set aside as excessive where the evidence of the witnesses, including two physicians, shows they were of a serious and permanent character.

H. T. DUNCAN, JR., and STOLL & BUSH for appellant.

KIMBALL & HUNTER, J. H. MONOGUE and C. H. STOLL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee, while employed as a foreman in appellant's car barn and yard in Lexington, fell into a pit in the yard whereby he was seriously and permanently injured in person and health; for the injuries thus sustained he recovered a verdict and judgment against appellant for $4,000, in damages, and the latter has appealed.

It appears from the evidence that it was the duty of appellee to supervise appellant's car barn, make repairs upon the cars and, when directed, to run cars from the car barn to appellant's central station in Lexington. Appellee's work began at seven o'clock each evening and ended at six o'clock the following morning. The pit into which appellee fell was beneath one of the yard tracks; it was 14 feet in length, 5 feet in depth, and 4 feet 8 inches in width.

The pit was used by appellee in making examinations of and repairing the machinery and works beneath and attached to appellant's cars; the cars being moved to the track and over the pit for such purposes and the pit occupied by the employe for seeing and getting at the machinery under and attached to the car.

On the occasion of receiving his injuries appellee was ordered by appellant's manager to make some repairs upon a car which had been placed on the track over the pit for that purpose. He at once got into the pit and did the necessary repairing and upon its completion was told that he was wanted at the telephone in the car barn. At that time the car upon which he had been at work was over the pit and covered its entire length and

such was the situation when appellee left it to go to the telephone. Upon reaching the telephone he was told, through the instrument, by appellant's manager to immediately run the car he had just repaired to the central station. Upon receiving this order appellee at once returned to the car in the yard in order to run it to the point directed, but in attempting to reach and get upon it, he fell into the pit and received the injuries complained of. The car, in appellee's absence and without his knowledge, had been moved on the track several feet from where he left it by another car pushed against it by employes of appellant in a different department of its service. The moving of the car left exposed an opening over the pit six feet or more in length, and through this opening appellee fell.

It is contended by counsel for appellant that it owed appellee no duty to keep the pit covered, or to give him notice of the movement of cars in the car barn or yards that he assumed whatever risks and danger he encountered in the performance of his duties, and that they were such as ordinarily attended or were incidental to his employment, for which reason, as well as on account of his alleged contributory negligence, a recovery should have been denied. In support of this contention several authorities are cited and relied on, among them, the case of Williams v. L. & N. R. R. Co., 111 Ky., 822, which is declared to be strongly in point.

We do not regard that case or any of those cited by appellant's counsel as authority in point. In the Williams case the master was guilty of no act of negligence that led to the plaintiff's injuries and there was neither allegation nor proof that the plaintiff did not know or could not by reasonable care have known of the presence of the ash pit into which he fell. In brief the accident resulting in his injuries was an ordinary casualty which the master, who knew nothing of his danger, could not by ordinary care have prevented. None of the cases cited presents a state of facts at all similar to those of the case at bar. The risk and danger to which appellee was exposed were not ordinary or such as were incidental to his employment. The pit, which by the command of the master's manager he had just left, was safely covered by the car that stood over it, and when he almost immediately returned to the car by another command of the manager to take charge of it and remove it to the central station, it was uncovered by an act of other ser-

vants of the master in moving the car without notice to
him. In approaching the car appellee had the right to
assume that it stood where he had left it and that the
pit was safely covered by it, but the darkness prevented
him from seeing the trap into which he fell. Under these
circumstances it was the province of the jury to de-
termine from the evidence whether the injuries appellee
sustained were attributable to the negligence of the mas-
ter whose servants, by moving the car from over the
pit without notice to appellee, exposed him to the dan-
ger which caused his injuries. The danger was created
by the change of conditions and where a change of con-
ditions is caused by the negligence of the master and
the servant is injured by such negligence, the latter, in
the absence of knowledge on his part of the danger, can
not be said to have assumed the risk. In such a state of
case, the master, in order to escape liability on the
ground that the risk was assumed by the injured ser-
vant, must show that the servant voluntarily subjected
himself to the new danger with knowledge thereof, or
that the means of his obtaining such knowledge were
such that the exercise of ordinary care on his part would
have enabled him to discover it.

While, therefore, the servant assumes all the open
and visible risks incident to the employment in which
he engages, he does not assume such risks as arise out
of the master's negligence.

We have in the foregoing statement announced, as
this court has applied it, the common law rule with re-
spect to assumed risks. Labatt on Master and Servant,
Vol. 1, Secs. 270-279; Lou. Cin. & Lex. R. R. Co. v. Ca-
vens' Admr, 9 Bush 565; L. & N. R. R. Co. v. McMillan,
119 S. W., 221; Meade v. Ashland Steel Co., 125 Ky. 114;
Cum. Tel. & Tel. Co. v. Graves, 31 R. 973.

The answer in this case relies upon the defense of
assumed risk and contributory negligence; and there is a
marked distinction between the two. The defense of as-
sumed risk rests on contract, and by implication, on the
fact that as the servant voluntarily exposes himself to
the danger attending the service for which he is employed
and thereby assumes the ordinary risks incident to such
service, he has no right, if any injury results therefrom,
to call on the employer to compensate him therefor. On
the other hand, the defense of contributory negligence
rests on some fault or omission of duty on the part of the
servant, and is maintainable when, though the master

has been guilty of negligence, yet the direct or proximate cause of injury to the servant is his own negligence, but for which the injury would not have happened. It is, however, well settled in this State that the burden is on the master to show that the servant took the risk with knowledge of the danger, and that he failed to use ordinary care for his own safety but for which he would not have been injured. Cumb. Tel. & Tel. Co. v. Graves, 31 R. 973.

There was some evidence which conduced to prove that appellant's servants by whom the car was moved from over the pit, knew that cars needing repairing were required to be placed there, and that appellee was car repairer; also that they knew, or by the exercise of ordinary care could have known, that the car was still in his charge and that to move it, as was done, would uncover the pit and expose him to a risk or danger of which he was ignorant. Moreover, knowledge of the foregoing facts must be presumed to have been in the possession of the appellant's manager for he sent the car to appellee to be repaired, and to the pit where the repairing was done; and after ascertaining by conversation with him over the telephone that he had made the repairs, ordered him to run it from where it was repaired to the central station. He further knew that appellee would have to return to and get upon the car in order to obey the command; under these circumstances whatever knowledge the manager or the servant who moved the car from the pit may have had, or by the exercise of ordinary care might have obtained, of its being in appellee's custody and of the exposed condition in which its removal from where appellee repaired it, would leave the pit, must be imputed to appellant. Manifestly, the uncovering of the pit under the circumstances endangered the safety of appellee who, in obeying the command of the manager to run the car to the central station, had to return to it in the dark and thereby encounter the risk and danger of falling into the pit. It is admitted that appellee had not been informed of the changed position of the car and his statement that he returned to it in ignorance thereof, and in consequence of such ignorance fell into the pit, was uncontradicted. Whether, as insisted for appellant, he fell into the pit because of negligence on his part, resulting from a failure to exercise ordinary care in approaching it, or whether the exercise of such care would have enabled him to discover its exposed and dangerous

condition in time to have prevented his injuries, were questions that were properly left to the decision of the jury, as were the questions of assumed risk and whether appellant's servants in moving the car, exposing the pit and thus creating, in appellee's absence and without notice to him, such a change of conditions as made it dangerous for him to approach the car, were guilty of negligence which caused his injuries.

Without quoting the instructions given by the trial court we deem it sufficient to say that while unnecessarily voluminous and elaborate, they were in no respect prejudicial to appellant. If erroneous in any particular, the error was in placing greater emphasis upon the duty of appellee to care for his own safety, than on that of appellant to protect him against injury. If the conclusions we have expressed as to the law of the case be correct, it necessarily follows that the refusal of the trial court to give the peremptory instruction asked by appellant, was not error.

Appellant's counsel complain of the refusal of the trial court to allow, at appellant's request, a physical examination of appellee by a surgical expert for the purpose of ascertaining the character and extent of his injuries. The motion for the examination was inopportune as it was not made until appellee had concluded the introduction of his evidence. The trial resulting in the judgment appealed from, was the second trial of the case. On the first trial appellee also obtained a verdict and judgment, but for a smaller amount than on the last, and the court granted appellant a new trial; the case had, however, been pending more than two years when the last trial occurred, yet in all that time, and notwithstanding the evidence as to appellee's injuries introduced on the first trial, appellant had made no effort to obtain a physical examination of appellee.

Having thus delayed the application it can not complain that it was overruled. If allowed when asked, it might have prolonged the trial to a unreasonable length and perhaps compelled the re-introduction of much of appellee's evidence, or made it necessary for him to introduce additional evidence, which, it may have been found, could only be furnished by witnesses not then in attendance upon the court. Manifestly, the application for a physical examination should be based upon an affidavit showing that knowledge of necessary and material facts in respect to the plaintiff's injuries or condition

can be acquired only by such examination; and the right to the order being founded on necessity, will not extend beyond the necessities of the case. In no case should the order be granted merely for the purpose of obtaining cumulative evidence, or where the injuries complained of are so patent as to be apparent.

In numerous cases of this character we have decided that the defendant has not the arbitrary right to demand a physical examination of the plaintiff; but the application for an order for such examination is a matter which addresses itself to the sound discretion of the trial court; and on appeal its ruling in granting or refusing the order will not be disturbed, unless it is made to appear that there was an abuse of that discretion. Belle of Nelson Distilling Co. v. Riggs, 104 Ky., 1; Belt Electric Line Co. v. Allen, 102 Ky., 551; L. & N. R. R. Co. v. Simpson, 11 Ky., 757; I. C. R. R. Co. v. Clark, 21 R., 1550; L. & N. R. R. Co. v. McClain, 23 R., 1879; Lou. Ry. Co. v. Hartlege, 25 R., 153.

In our opinion the ruling of the circuit court in refusing to grant the order for the physical examination of appellee was not an abuse of discretion and not, therefore, error.

The statement made in argument to the jury by appellee's counsel, of which appellant complains, while improper, was not of sufficient force or importance to have impressed or influenced the jury; and there was nothing in it calculated to inflame passion or excite prejudice. In our opinion the failure of the trial court to exclude the statement and admonish the jury not to consider it, was not prejudicial to the appellant's rights, or such an error as would justify a reversal.

We also fail to find any material error in the rulings of the trial court in admitting or rejecting evidence; nor can the contention of appellant's counsel that the verdict is excessive, be sustained. The nature and extent of appellee's injuries were fully shown by the evidence; two of the witnesses were physicians, one of whom attended appellee throughout the illness resulting from his injuries and by physical examination and treatment had every means of ascertaining his condition. From the testimony of the physicians and others, it seems apparent that appellee's injuries were and are of a serious and permanent character; and while the jury in awarding him $4,000 damages were liberal, we are not prepared to say that this amount was excessive.

Wherefore, the judgment is affirmed.