## Debord v. Preston Coal Company.

### (Decided April 16, 1913.)

### Appeal from Floyd Circuit Court.

Master and Servant—Damages—Personal Injuries—When Recovery Cannot Be Had Against Master.—Where an employe of mature years and ordinary intelligence is directed to use a simple appliance like a rubber pipe with a metal end on it, and it can be so used and handled as to be free from even the slightest danger, and he voluntarily holds or uses it in such a way as to receive injury, when there is no reason why he should so hold or use it, he cannot recover damages from the master.

C. B. WHEELER for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant as plaintiff below brought this suit to recover damages in the sum of two thousand dollars for personal injuries alleged to have been received by him while in the employment of the appellee company engaged in assisting to place or arrange an air pipe in its coal mine. He averred:

"That he did not know anything about the duties or the dangers of such work, but acted as he was ordered and directed, and in doing so held with his hands, without any protection of any kind over them, not knowing the dangers thereof, one end of the pipe while the other end was being fastened on to the main pipe, and while so holding said pipe, and while the same was being fastened or screwed at the other end, it turned in his hand and a small sliver of the metal of said pipe came off the threads on the end he was holding and cut and lacerated his finger and hand holding the same, thereby greatly injuring his said hand and finger. That the said pipe was unsafe and dangerous in that the threads of the screws on the end of the pipe he was required to hold were not solid or evenly cut, but were splintered and slivered up so that sharp edges and points protruded thereon, so that in holding the same while the man at the other end turned it in order to fasten it as aforesaid, it turned the said threads in the hand of the plaintiff and injured him as aforesaid. That he did not know of the unsafe and dangerous condition of said pipe, but the defendant, its agents and servants, did know of the same, or by the exercise of ordinary care could have known of the said unsafe condition in time to have prevented the injury, but they negligently used the said pipe and had plaintiff to work with and hold same in said unsafe condition, and failed to use or furnish plaintiff to use and work with safe and properly constructed pipe, thereby causing the plaintiff's injury aforesaid."

In an amended petition it was further averred: "That the place where said pipe was being put in and where plaintiff was required to work at same was in the mine under the hill, and there was no light therein except the regular mining light, and the defects in said pipe referred to were not visible to him by said light, and could not have been discovered by him even if he had been experienced in the construction and use of pipe, which he was not."

To the petition as amended a general demurrer was sustained, and, declining to plead further, the petition was dismissed and this appeal prosecuted.

The only question for our consideration is, did the petition as amended state a cause of action? The substance of the pleading is, that while appellant was holding one end of a rubber pipe while the other end was being screwed into the main pipe, the end he was holding, which had metal screw threads on it, turned in his hand, thereby cutting it. There is no averment that it was necessary or required that appellant should have held the pipe by the metal part or that he could not have held the rubber in place of the metal.

It is a matter of common knowledge that all rubber air pipes have short metal ends with screw threads thereon, so that they may be attached to other pipes or appliances used in connection with the pipe, and it is also manifest that in holding the pipe by the rubber part there can be no danger of injury by the turning of the pipe, although there might be some if the metal part was held; and so we think it was essential to state a cause of action that there should have been an averment that it was necessary in holding the pipe to hold it by the metal end in place of holding it by the rubber where it was inserted into the metal, or that the complainant was ordered or directed to take hold of the metal part of the pipe.

Where an employe of mature years and ordinary intelligence is directed to use a simple appliance like a rubber pipe with a metal end on it, and it can be so used and handled as to be free from even the slightest danger, and he voluntarily holds or uses it in such a way as to receive injury, when there is no reason why he should so use or hold it, he cannot recover damages from the employer.

The judgment is affirmed.