CHICAGO—FIRST DISTRICT—FEBRUARY, 1915.    335

Morrison v. The Peoples Gas Light & Coke Co., 191 Ill. App. 335.

## Michael Morrison, Appellee, v. The Peoples Gas Light & Coke Company, Appellant.

### Gen. No. 19,271.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of fact. Opinion filed February 3, 1915. Rehearing denied February 18, 1915.

### Statement of the Case.

Action by Michael Morrison against The Peoples Gas Light & Coke Company to recover for personal injuries. From a judgment in favor of plaintiff for twenty-seven hundred and fifty dollars, defendant appeals.

The declaration alleged that plaintiff was a laborer working in a ditch nine feet deep and three feet wide; that boards were placed on each side of said ditch for the purpose of supporting the walls thereof, which boards were driven into the earth at the bottom of said ditch by means of mauls; that it was the duty of defendant to exercise reasonable care to furnish plaintiff and the other workmen there mauls that were in a reasonably safe condition and repair; that defendant negligently furnished the workmen driving said boards with an unsafe maul, in that the head of said maul was insecurely fastened to the handle thereof, and was liable to slip from said handle; that defendant knew that said maul was unsafe and in a bad condition of repair; that while plaintiff was working in said ditch and while a colaborer of plaintiff was driving one of said boards into the earth with said maul, the head of said maul slipped from the handle thereof and fell into said ditch striking plaintiff on the head; that said colaborer of plaintiff was without negligence. At about nine o'clock in the forenoon of April 13, 1910, plaintiff, who was employed as a ditch digger, had prepared the ditch for boards to be driven into the ground for the purpose

336 APPELLATE COURTS OF ILLINOIS.

Morrison v. The Peoples Gas Light & Coke Co., 191 Ill. App. 335.

of preventing the sides from caving in. Higgins, a gang foreman, directed McEwen to take a wooden maul, which was then lying on the earth bank, and drive the boards down. In response to such direction McEwen took the maul and drove the boards down while plaintiff, stationed in the bottom of the ditch, held the boards in an upright position. After McEwen had been so engaged in driving down the boards for fifteen or twenty minutes, and while he was swinging the maul, the head of the maul slipped or came off the handle and struck plaintiff on the head, causing injuries complained of. Plaintiff had no occasion or opportunity to inspect the maul, and while McEwen had not inspected it carefully, the head of the maul appeared to him to be tight upon the handle. During the forenoon of the day preceding the injury to plaintiff, the same maul had been used for the same purpose by Connors, another laborer, and while he was then so using it the head had come off the handle and fallen in the bottom of the ditch. Higgins, the foreman, then told Currey, who was employed by defendant as a laborer and repair man, to replace the handle in the head of the maul, and Currey then did so replace the handle and drove a wedge in the end of the handle to keep it firmly in place in the head of the maul, the same maul was thereafter during the remainder of that day used in driving boards into the bottom of the ditch. The maul was examined by Higgins the following morning and the head was found by him to be properly fastened to the handle and held in place by a wedge driven into the end of the handle.

SEARS, MEAGHER & WHITNEY, for appellant; JAMES F. MEAGHER and EDWIN HEDRICK, JR., of counsel.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 132*—*simplicity of tool as relieving from duty to inspect.* A maul for driving boards into the earth is a simple tool so that no duty is imposed upon the master to inspect it for defects.

2. MASTER AND SERVANT, § 132*—*sufficiency of repair and inspection of tool.* Evidence *held* not only to negative any knowledge on the part of the master that a maul used for driving boards was defective and unsafe when direction was given to use it, but affirmatively to show that the maul had been recently repaired and that the master had every reason to believe it to be in a reasonably safe condition for use.