### Welborn v. Whayne.

(Decided March 16, 1915.)

### Appeal from McLean Circuit Court.

Contracts—Construction of.—Where a rent contract provided that if the lessee performed the work and labor specified in the contract by January 1, 1913, he should have the premises for another year, the lessee could not abandon the premises on January 1, 1913, and thereby relieve himself of his obligations to do what he had agreed to do by that time. The meaning of the contract was that all of the things the lessee agreed to do should be done by January 1, 1913, and if not, he should then surrender the premises.

LITTLE & SLACK and W. B. NOE for appellant.

JOE H. MILLER for appellee.

Opinion of the Court by Judge Carroll—Affirming.

On November 3, 1908, the appellee, whose name was then Latta Shutt, entered into the following contract:

"This indenture, made and entered into this the third day of November, 1908, by and between Latta Shutt, of Calhoun, Kentucky, party of the first part, and H. Welborn, of Rumsey, Kentucky, party of the second part:

"Witnesseth: That said Latta Shutt has this day rented to and leased to said H. Welborn all the remainder of her tract of land in McLean County, Kentucky, on the Madisonville road, containing 214 acres, after taking out the 100 acres heretofore leased to him May 21, 1907, and leaving 14 acres of said tract next to Woosley and Blake. The said H. Welborn shall clear all the timber off said land and remove it and all underbrush therefrom and place in condition for cultivation. He shall build around said land, including the 14 acres hereby reserved, a fence of woven wire 32 inches high, with two strands of barbed wire on the top of same, and for said fence to put in good oak, catalpa or mulberry posts, and place said posts not farther than twelve feet apart.

"For clearing and fencing said land as aforesaid the said Welborn shall have the use of said land, including in this additional lease, free of charge for five years from January 1, 1909; if said Welborn has not cleared all of said land and erected and built the fence as herein designated by January 1, 1913, then he shall surrender possession of said land at said time; but if same is fully cleared as specified herein and fenced, then he shall have the use of same for remainder of the time to January 1, 1914. It is further agreed that said Welborn shall have all the timber on the land to be cleared, except the line trees. It is further agreed that the said Welborn shall surrender possession of said land at the expiration of said lease according to its terms herein without demand or notice."

The appellant entered upon the land under this contract and remained in possession of it until January 1, 1913, when he vacated the premises and surrendered possession of the land to the appellee. During the four years he was in possession he cut all the timber on the land, but did not build the fence he agreed to build or clear the land he agreed to clear.

In May, 1913, the appellee brought suit against the appellant, charging that during the time he was in possession of the land he cut and removed therefrom all of the merchantable timber, which was reasonably worth one thousand dollars, and failed and refused to clear 88 acres of the land or to build any part of the fence he agreed to build. Damages in the sum of $1,200 were sought to be recovered.

The chief defense of the appellant was that the contract—as he construed it—provided that if he failed to perform its conditions he should surrender possession in January, 1913, and this abandonment of his right to use the premises for the year 1913 was a satisfaction of his failure to perform in full the terms of the contract, or, in other words, the liquidated damages agreed upon between the parties for his breach of the contract.

He further averred that he surrendered full possession on January 1, 1913, and, therefore, appellee was not entitled to recover from him any damages, although he did not clear the land he agreed to clear or build the fence he agreed to build. In brief, the contention of appellant on this appeal is, that, although he took all the timber from the land and did not clear all the land he agreed to clear or build the fence he agreed to build, his surrender of the land on January 1, 1913, must be accepted by appellee in full satisfaction of his breach of the contract.

This construction of the contract we do not think is either fair or reasonable. Carried to its logical conclusion, the effect of this construction would be that the appellant could keep the land for four years, cut all the timber, build none of the fence, and clear none of the land, and then move off the premises on January 1, 1913, thereby relieving himself of any liability for his failure to clear the land or build the fence. A further result of this would be that in January, 1913, appellee would get her land back with all of her timber cut, no fencing built and no clearing done.

This construction of the contract is too inequitable and too unfair to be considered for a moment. It is scarcely to be believed that either of the parties could have had such a construction of the contract in mind when it was made, although possibly the appellant may have thought he could do this way.

We think the contract should be construed to mean that if appellant did not clear the land and erect the fences by January 1, 1913, he was to surrender at that time possession of the premises, remaining, however,. liable in damages to appellee for his failure to do the things he agreed to do and which it was intended he should do by January 1, 1913. The contract plainly contemplated that the land was to be cleared and the fencing built by January 1, 1913, as it provided that if the clearing was done and the fencing built by that time, he should have the use of the land for another year.

The instructions are complained of, but we think they are more favorable to the appellant than he was entitled to. Under the instructions the jury were authorized to and did allow appellant $71 as a credit on the damages to which appellee was entitled, when he should not have been allowed anything as an off-set against these damages.

Wherefore, the judgment is affirmed.