## New Domain Oil & Gas Company v. Frazier.

(Decided March 24, 1922.)

### Appeal from Lawrence Circuit Court.

Master and Servant—Negligence.—In an action for damages for injuries sustained by the fall of a heavy cable, evidence examined and held that appellee must be presumed to have known all the conditions that were plainly to be seen and to have been able to judge of his strength to raise the cable, and that his injuries were not due to the negligence of appellant, but to his own negligence.

G. W. VAUGHN and GARRED & GARRED for appellant.

FRED VINSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Fred Frazier, was employed as a roustabout on an oil lease by the New Domain Oil Company, and began to perform his duties in the morning of the day of the injury of which he complains in this action. Another workman was near the top of a sixty-five foot derrick attempting to raise a steel cable, which had jumped out of the groove of the crown pulley, and replace it. The cable was heavy, and the man was unable to raise it and put it into the groove. Seeing this, and without direction from anyone in authority, appellee Frazier climbed the derrick for the purpose of assisting in raising the cable to its proper place on the crown wheel. Standing with his feet in stirrups located a slight bit below the top of the derrick, and steadying himself by his left hand on the top of the derrick he grasped the cable with his right hand and attempted to raise it and put it into the groove over the crown wheel. One or more efforts of this kind were made without success; finally appellee Frazier, in attempting to create enough slack in the heavy cable to allow it to go over the top of the wheel, accidentally and wholly unintentionally allowed it to escape from his grip, and it came down upon the little finger of his left hand with which he was grasping the top of the derrick in order to keep from falling. The fall of the cable on his finger so mashed it that it had to be removed at the first joint from the tip, and his hand was otherwise injured. He brought this suit against the oil company for $2,000.00 damages, charging that the company was negligent (1) in the mode adopted for changing the cables on the derrick;

(2) the company was grossly negligent in attempting to replace the cable in the groove of the crown wheel without first removing the rope socket, which was attached to the end thereof. In brief of counsel it is said that it was alleged and proven at the trial that the method employed by the company, to take the heavy rope socket over the top of the derrick, was gross carelessness and negligence.

I. It does not matter in the determination of this case what method was adopted by the company to get the rope socket over the top of the derrick. This rope socket weighed from about seventy-five to one hundred pounds, and it was attached to the end of the cable that passes over the crown wheel. Into this rope socket, which is steel, is screwed or otherwise fastened the drill or bit with which an oil well is sunk. Some of the witnesses say that the rope socket should have been cut off and allowed to fall, and no attempt should have been made to carry it over the top of the derrick. However this may be, appellee Frazier was not injured either by the rope socket or while engaged in the work of raising the rope socket over the top of the derrick, but received his injury while he was attempting to replace the cable in the groove of the crown wheel from which it had jumped. He voluntarily undertook the work—it was not his job. If, however, he was rightfully there, he was merely lifting or attempting to lift the cable and place it into the groove—a very simple, uncomplicated operation. If he had been standing on the ground and had attempted to raise a cable and place it over a wheel, the process would have been exactly the same, except that perhaps he could have used both hands instead of one. When he lost his grip upon the cable and let it fall upon his finger, the injury occurred. To whom but appellee Frazier can we attribute the negligence which brought about his injury? Certainly the appellant company did not contribute to his injury in any way, nor was it guilty of any negligence, unless it owed some duty to the appellee with respect to the lifting of the cable and placing it in the groove on the crown wheel, which duty it failed to perform. Frazier must be assumed to have known all of the conditions, which were plainly to be seen, and to have been best able to judge his strength and ability to raise the cable and place it into the groove. If he could not raise it, it was his duty to either call help or desist from the work. If, after grasping the cable and raising it, he allowed it to slip from his

hand and fall upon the finger of his other hand, he alone was the negligent person. This case is governed in part by a doctrine much akin to what is known as the simple tool rule as expressed in the following cases: Flaig v. The Andrews Steel Co., 141 Ky. 391; Debord v. Preston Coal Co., 153 Ky. 266; C., N. O. & T. P. R. Co. v. Guinn, 163 Ky. 157; Consolidation Coal & Coke Co. v. Music, 178 Ky. 790; Donahue v. Louisville, Henderson & St. Louis Railway Co., 183 Ky. 608; McGaughey v. Hines, Director General of Railroads, 193 Ky. 312, and by the further rule that one is charged with the duty of protecting himself against overstrain from lifting as announced in the cases of H. E. Hewitt Lumber Co. v. Cisco, 186 Ky. 635; L. & N. R. Co. v. Williams, By, et al., 165 Ky 386.

II. As no negligence on the part of appellant company is discoverable, the trial court should have sustained its motion, made at the conclusion of the evidence for the plaintiff, for a directed verdict in its favor. If, upon another trial the evidence is in substance the same as upon the first trial, the court will direct the jury to find and return a verdict for the appellant company. Motion for appeal sustained—appeal granted and judgment reversed.