## Hoskins v. Louisville & Nashville Railroad Company.

(Decided, January 12, 1916.)

### Appeal from Bell Circuit Court.

1. **Master and Servant—Duty of Servant to Inspect Tools.**—A claw bar and a spike maul are "simple" or "common" tools which anyone of ordinary intelligence may safely use without instruction or assistance; and the duty of inspection as to such tools rests upon the laborer using them and not upon the master.

2. **Master and Servant—Defective Appliances.**—While it is not the duty of a workman to inspect the tool being used by his co-worker, although the two workmen were at the time using two tools jointly in a common undertaking, yet, where the injured workman knew the defective condition of the tool being used by his co-worker and so knowing engaged with him in the joint use of such tool he cannot recover for injuries received as a result thereof.

N. J. WELLER for appellant.

CHARLES W. METCALF, METCALF & JEFFRIES and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant, a section hand employed by appellee, brought this action for personal injuries received while so employed.

The petition alleges that he and another section hand were engaged in pulling spikes from the ties on the road by means of a claw bar and spike maul, the plaintiff using the spike maul and his co-worker the claw bar; that while pulling a spike from one of the ties and using said two instruments in so doing, the claw bar was being

held by his co-worker and he, in using the spike maul, struck the head of the claw bar therewith when a metal splinter flew from the end of the claw bar and struck him in the eye causing such injuries as resulted in the loss of the eye.

The negligence complained of is that the claw bar so furnished for such work by appellee was defective and unsuited for the work for which it was being used, and that the head of said claw bar was so beaten, battered, cracked and broken as to make it unsafe for such use.

The defendant denied the material allegations of the petition, and in a separate paragraph pleaded contributory negligence.

At the conclusion of the plaintiff's evidence the lower court directed the jury to find a verdict for the defendant, and from that action of the court this appeal is taken.

The plaintiff's own evidence is that he had had four years' experience as a section hand and was familiar with the use of the claw bar and spike maul and had frequently used them in pulling spikes from ties; that the head or top of the claw bar was battered and spread at the edges from long use; that on the same morning of his injury he and his co-worker had used the same instruments in drawing another spike; that he was familiar with the claw bar and its condition, and saw its condition when it was previously used that morning as well as at the time of the injury, but that at the time he did not realize that its condition was such as to make it dangerous for use. There is no claim that there was any hidden or latent defect in the claw bar which brought about the injury; on the contrary the plaintiff's own evidence shows that the battered condition of the claw bar was perfectly visible and fully known to him

The evidence fails to bring home to the company or its foreman any knowledge of the battered or alleged unsafe condition of the claw bar and, unless, therefore, the duty of inspection rested upon the foreman, no negligence has been shown, and whether there was such duty of inspection depends upon the nature and character of the tools involved.

The evidence shows that the spike maul was an ordinary hammer or maul made of metal, weighing about ten pounds, and having a handle two and one-half or three feet long. The claw bar is about five feet long, made of metal, and has at one end two prongs intended

to go under the head of a spike on each side, and when clamped, to draw it from the tie.

Manifestly these instruments are what is known as "simple" or "common" tools—that is such a tool as is so simple in its nature that any one of ordinary intelligence may safely use the same without any instructions or assistance; and it is the rule in this State that the duty of inspection as to such tools rests upon the laborer using them and not upon the master. This court in Ohio Valley Ry. Co. v. Copley, 159 Ky., 44, in an exhaustive discussion of this rule, says on this subject:

"The reason for exempting the master from liability in cases of this character rests upon the fact well known to everybody, that deterioration being the necessary result of using a chisel, punch, cutter and similar tools for the purposes for which they were intended, the duty of inspection and repair in such a case is incidental to the duty of the employes who use the tool in their common employment. The ordinary use of such a tool necessarily batters it, although that fact does not necessarily make it an unsafe tool." See also note to 30 L. R. A. (U. S.), 800.

We do not mean to hold that it was the duty of appellant to inspect the tool being used by his co-worker, although the two tools were being used by them jointly in a common undertaking; but as appellant's own evidence shows that he knew the condition of the claw bar, and so knowing made the stroke which resulted in the injury to himself, the facts must be given the same effect as if the duty of inspection had rested upon him.

In any event there was no duty of inspection upon the part of the master and consequently no negligence.

Judgment affirmed.