## Consolidation Coal and Coke Company v. Music.

### (Decided January 25, 1918.)

Appeal from Johnson Circuit Court.

1. Master and Servant—Appliances—Simple Tool.—An ordinary ax is a simple tool, and where the mode of operating an implement is so simple that a person of ordinary intelligence and experience can at once perceive the safe and proper mode of operating it, and he voluntarily holds and uses it in such a way as to receive injury, and there is no reason why he should so hold or use it, he can not recover damages from the master even though it be defective.
2. Master and Servant—Appliances.—A master is under no obligation to examine a tool, such as an ordinary chopping ax, for defects or instruct the servant who has had experience in handling such tools, as to the manner of using same.

ED. C. O'REAR and FOGG & KIRK for appellant.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

While at work, hewing timbers in the woods with an ordinary axe, Arch Music was injured in the leg by a cut inflicted by the axe as a result of a glancing lick made by him on the log. This action was instituted to recover damages for the injury upon the ground that the appellant company negligently furnished appellee an axe with a defective or broken handle, and required him, over his objection and protest, to use it. It is not alleged, however, that the defendant company, or its agents superior to Music, assured appellee that the axe

was safe or reasonably safe and by such assurance induced him to continue work with the axe after he discovered the defective condition of the handle. The injured man admits that he had been working in timber woods for several weeks doing the same character of work at which he was engaged on the day of the injury, and that he knew how to use an axe as good as anybody; that upon starting to work on the day of his injury he discovered that the handle of the axe furnished him was in a defective condition, and that the blade of the axe would sometimes turn on the handle when he made a stroke. Notwithstanding this, he continued to work with the axe, and in making a stroke the blade, as he claims, turned on the handle glancing off the log inflicting a wound on his leg between his knee and foot. Upon a trial in the circuit court he was awarded damage in the sum of two hundred and twenty-five dollars, and the company has prayed an appeal in this court.

An ordinary axe is a simple tool, governed by what is known in our law as the "simple tool rule," which is stated as follows: Where the mode of operating an implement is so simple that a person of ordinary intelligence and experience can at once perceive the safe and proper mode of operating it, and he voluntarily holds and uses it in such a way as to receive injury, and there is no reason why he should so hold or use it, he can not recover damages from the master even though it be defective, for being a simple tool, easily understood, the servant of mature years and experience is charged with full knowledge of any defect in the implement, it being open and obvious. The reason upon which the rule is rested requiring the master to exercise reasonable care to provide his servants with reasonably safe tools and working place is the presumption that the master possesses superior knowledge, is experienced and skilled in the use of such implements and, is fully acquainted with the place of employment. But when the tool is so simple that every person of ordinary understanding and experience must be presumed to know its use and understand its employment as well as any one, including the master, the reason for the rule ceases, and the servant handling the simple tool which, in its nature, discloses its every defect, is charged with that knowledge which common prudence on his part would bring him. Nor need the master in such case examine the tools for de-

fects or instruct a servant, who has had experience in handling such tools, as to how to use an ordinary axe, such as was employed by appellee in this case. A defect in such simple tool is easily discernible and readily corrected. Ordinarily it is the duty of the master to exercise reasonable care to provide reasonably safe tools and appliances for his servants, but this rule has many modifications, and one of them is, that where the tool is simple and the place of employment free from danger the servant of mature years and experience in the handling of such simple tool, may not look to the master for instruction in the use thereof, or to inspect the tools; nor have damages for an injury resulting from his own handling and use of such an implement. In Stirling Coal & Coke Co. v. Fork, 141 Ky. 40; this court in discussing the simple tool rule uses this language:

"It must be recognized by every one that the rule of safe, simple tools and appliances should not be extended to every tool and every appliance that is used by laborers and servants in the ordinary every-day affairs of life. There are few persons in employments of any kind who do not at some time or in some way use implements or tools (using these words in their broadest sense) in the performance of their duties or services. Some of these tools and implements are of the simplest character and are used in the simplest way; and in the performance of labor or service that is free from danger. There is nothing complicated about many of them, and their nature is such that any person of ordinary intelligence can at once use them without instructions or assistance. It often happens that they get out of repair or become defective by use, but the defects are patent to any person who handles them and generally can be easily and quickly repaired by the servant who is using them. Implements and tools like these are used in the house, on the farm and in fact everywhere. They embrace the utensils in the kitchen, many articles used in the ordinary household duties, as well as hoes, rakes, spades, and other like implements in common and daily use on every farm. And it would be going far beyond the reason of the safe appliance doctrine to extend it to a coffee pot with a loose handle, in the ordinary household kitchen, or to a house broom with splintered handle, or a kitchen hatchet that was dull, or a garden hoe that was broken, or a farm spade that was out of repair, or other

implements quite as simple in their make an use. If the servants in every possible field of labor should be protected by this rule, and have the right to seek damages in the courts for the most trifling injury suffered in the ordinary and usual use of these simple things, the master in every state of case that can be imagined would be held accountable for accident or injury, and thus, a useful and valuable rule would be converted into a constant source of vexation and apprehension.'' See also Ohio Valley Railway Co. v. Copley, 159 Ky. 38.

Courts of last resort generally have recognized the simple tool doctrine and applied it frequently. Generally a hoe, axe, shovel, scythe, crowbar, hand spike, iron poker, harness for a mule, plowshare, auger-bit, and many other like implements are classed as simple or common tools by the courts. Manifestly, the common chopping axe must be included with the shovel, hoe, hatchet, and sledge hammer as a simple tool. This being true, the appellant was not liable to appellee, Music, for the injury which he inflicted upon himself by the use of such an implement.

If upon another trial the evidence is substantially the same as upon the last trial, the court will sustain a motion of appellant for a peremptory instruction to the jury.

Judgment reversed for proceedings consistent with this opinion.