## Turkey Foot Lumber Company v. Wilson.

(Decided November 12, 1918.)

### Appeal from Lee Circuit Court.

1. Master and Servant—Simple Tool Doctrine.—Held that a tie pick, used by a laborer 20 years of age, possessed of ordinary intelligence and in the performance of a simple task, free from any but obvious dangers, and such as required neither skill upon his part nor instruction and inspection upon the part of the master, was a simple tool and covered by the simple tool doctrine.

2. Master and Servant—Assumption of Risk—Inspection.—When the master is absolved from the duty of inspection and instruction under the simple tool doctrine, he assumes no additional or new liability for accidents to the servant by directing the servant to continue its use after notice that it is defective.

G. W. GOURLEY and VIRGIL S. BEATTY for appellant.

THEODORE B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the Turkey Foot Lumber Company, defendant below, from a judgment for $1,000.00 recovered by the plaintiff, Howard Wilson, as damages resulting from the alleged negligence of the defendant in failing to furnish him with a reasonably safe tool with which to perform the work he was required to do.

Two questions are presented: first, is a tie pick, when used by a servant 20 years of age, of ordinary intelligence, in loading ties on a flat car, the servant having had four months' experience in its use, such a simple tool that the master in furnishing it was under no duty of inspection to ascertain if it were reasonably safe for the

purpose, and that the servant assumed whatever risk attended its use? Second, if the tie pick under such circumstances is held to be a simple tool, does an assurance of its safety by the master after complaint of its defective condition by the employe render the master liable for damages resulting to the employe from its use?

Both of these questions were considered and a recovery denied by this court in the case of Stirling Coal and Coke Company v. Fork, 141 Ky. 40, upon facts so entirely analogous as here presented that we deem that opinion conclusive in the decision of this case.

In the case at bar the plaintiff at the time of the accident was a young man 20 years of age, of at least ordinary intelligence, and he had been employed for some four or five months immediately prior to the accident in loading lumber and ties for the defendant. At the time of the accident he was assisting in loading railroad ties upon a flat car, from some kind of a platform called in the evidence a "ramp," and in doing this work he was using a tie pick which he had selected from several furnished by the defendant for the purpose. The pick had its point bent in toward the handle at nearly right angles so that when driven into the tie it would hold more securely, and it was used as a grab hook to enable the employe, by driving the point into the tie, to pull the tie into the desired position on the car. A short time before the accident, the plaintiff, after the pick he was using had pulled out of a tie as a result of which he lost his balance and nearly fell off the car backwards, complained to his foreman, Cecil Hampton, that the point of his pick was dull and needed sharpening, in response to which the foreman told him, "No, we will make out with it," and plaintiff continued to use the pick; and not long afterwards it slipped out of another tie causing him to fall backwards against a stack of ties, and in attempting to break the fall, one of the bones of his right hand was broken.

In the Fork case the implement furnished by the employer was a shovel, the handle of which was defective, which defect was called to the attention of his superior by Fork, who directed him to go ahead and use it.

There is no material difference in any essential fact in the two cases. In the Fork case the implement furnished was a shovel with a defective handle; in this case, a pick

with a defective point. In both cases the tool was such a simple one and was employed by an unskilled laborer in the performance of a simple task, free from any but obvious dangers, as required neither skill upon the part of the employe nor instruction from the employer. In both the servant saw, as he could hardly have helped seeing, the perfectly obvious defect, and upon complaint to the master, was told to continue its use; and we could not allow a recovery on the evidence produced in the present case without overrulng the Fork case, which we are convinced should not be done, both upon principle and because it has been followed and approved so frequently and uniformly by this court.

In the case of Ohio Valley Railway Company v. Copley, 159 Ky. 38, after an exhaustive consideration of the authorities from this and other jurisdictions, the opinion in the Fork case was expressly approved; and the Copley opinion was approved quite recently in Hoskins v. Louisville & Nashville Railroad Company, 167 Ky. 665. In these opinions will be found references to a great many decisions from this court in which the simple tool doctrine has been uniformly recognized and enforced for so long a time as that it has become firmly established in this state. And, as here recognized and applied, it absolves the master from liability to the servant for injuries sustained in using such a simple tool, even though there has been a promise to repair or an assurance of safety.

Although in some jurisdictions a promise to repair or an assurance of safety by the master after complaint by the servant has been held sufficient to render the master liable, even if the implement or appliance was such a simple tool as relieved the master of the duty of inspection to ascertain its safety for the use to which it was devoted, this theory has not been accepted by this court; and upon a careful reconsideration of the authorities upon the question, we again conclude that if the tool and the uses to which it is devoted are so simple that any defects in the tool or dangers in its use are equally and obviously apparent to both the master and the servant, and for that reason the master is absolved from the duty of inspection and instruction and the servant assumes the risk of its use, then for the very same reasons the master assumes no additional or new liability by a promise to repair or an assurance of safety because the master possesses no knowledge of the condition of the instrument

or any danger from its use not equally possessed by the servant, and cannot be said to be guilty of any negligence of which the servant is not likewise guilty.

We, therefore, conclude that plaintiff failed to make out a case against the defendant, and that the court erred in overruling the motion of the defendant for a directed verdict. Wherefore, the judgment is reversed and the cause remanded for a new trial consistent with this opinion.