# Nelson Creek Coal Company v. Bransford.

(Decided December 3, 1920.)

## Appeal from Muhlenberg Circuit Court.

1. Negligence—Injury by Mule in Mine.—It cannot be said defendant was not negligent, as a matter of law, in sending a new and fractious mule into its mine if plaintiff, following a custom long established in the mine, of which defendant had notice, exchanged his mule for the new mule and as the result of which exchange he was severely injured.

2. Negligence—Injury by Mule in Mine—Proximate Cause.—The induction of a fractious mule into the service of a mine, held the proximate cause of plaintiff's injury in a case where the mule was received by plaintiff in exchange for the one he was driving, pursuant to a custom long prevailing in the mine and known to and acquiesced in by defendant.

3. Negligence—Proximate Cause.—Proximate cause is the efficient cause, i. e., the one that originates and sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments or vehicles in a natural line of causation to the result.

4. Negligence—Injury by Mule in Mine—Customs and Usages.—Where a new mule was given to one driver to be used in a mine and said mule was exchanged with plaintiff pursuant to a custom long established and plaintiff was injured by the new mule, before a recovery can be had it must be shown that defendant had knowledge of said custom, and an instruction which fails to submit this issue to the jury was erroneous.

5. Damages—Medical Attention.—It is error to include in the amount which the jury may find, a sum for physicians' bills and medical attention where there was no proof that any such sum was so expended.

TAYLOR, EAVES & SPARKS for appellant.

WALKER WILKINS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Plaintiff (appellee) was employed as a driver in defendant's mine, and for about two months had driven the same mule. October 8, 1917, the company placed a new mule in charge of Luther Gray, another driver, who was regarded as a fit person to manage and control said animal. Because of the newness of the work or the inherent nature of the animal, or both, this mule proved to be rather fractious and the first attempt to get it in the cage to take it to the mine failed. The next attempt was

successful and on October 8th, Luther Gray made seventeen trips with the mule. This mule was not used on the 9th, but on the 10th, Gray made one trip with it and then asked plaintiff if he would like to exchange mules for a trip or two. The witnesses are not agreed as to what was said by plaintiff and Gray in regard to the exchange of the mule. Plaintiff says he asked Gray if the mule would run or kick and he was informed there was nothing wrong with the mule. Gray, who is not now employed by the company, testifying for plaintiff, says that when he was asked if the mule was dangerous or would kick he answered in the negative. Other witnesses say that when plaintiff made inquires about the mule Gray said to ask Roy Wilson, he could tell him. Wilson so testifies, and further that he told plaintiff the mule ran all the way to the place where the exchange took place. He told plaintiff the mule would run and kick and he had better not take the mule if he did not want to get hauled out. The exchange was made and almost at the outset the mule started to run and kick. He kicked the car off the track but plaintiff succeeded in getting it on again, whereupon the mule started running and kicking, and after it had gone about 250 feet plaintiff was thrown or kicked from the car and received injuries such as to render him unconscious. He did not regain consciousness until five or six hours thereafter. He sustained severe injuries to his eyes, ears, shoulder and other parts of his body.

As to the amount of the verdict, to-wit, $3,500.00, no complaint is or can well be made. At the time of the accident defendant had not accepted the provisions of the act of March 23, 1916, as amended by the act of March 29, 1918, commonly known as the Workmen's Compensation Act. In section 76a of said act, now Kentucky Statutes, vol. 3, section 4960, it is provided that every employer affected by the provisions of the act who does not elect to operate thereunder shall not, in any suit at law by an employe or his representative to recover damages for personal injuries or death by accident arising out of and in the course of his employment, be permitted to defend any such suit upon the grounds of contributory negligence, negligence of a fellow servant, nor assumed risk.

Defendant is seeking a reversal of the judgment below, because (1) it was without negligence; (2) plaintiff's injury was not the proximate result of defendant's

negligence, but the proximate result of his own wilful misconduct; and (3) the instructions were erroneous.

It cannot be said as a matter of law that defendant was without negligence. Plaintiff says he did not know the mule given to Gray was dangerous or vicious. There is testimony that it was the invariable custom among the drivers to exchange mules. This custom had been followed for a number of years and was well known to the company and to its officers and employes, including the boss driver. The drivers frequently exchanged mules, a practice that was continued without objection on the part of the company, and plaintiff says it was pursuant to this custom that the exchange of the two mules took place. While it is true there is a denial that such custom existed this made it a question for the jury, and if, under proper instructions, the jury was of the opinion that the custom did exist we can not say as a matter of law there was no negligence on the part of the defendant. The failure on defendant's part in the performance of a duty not owing to plaintiff, though said failure was the proximate cause of the injury, would not subject defendant to liability, as it would not be guilty of any negligent act towards him. The rule is universal that where there is no duty there can be no negligence. West Ky. Coal Co. v. Smithers, 188 Ky. 224, 221, S. W. 558. If, however, such custom existed defendant was charged with knowledge of the fact that the drivers exchanged mules and as to plaintiff, sending the new mule into mine was not different in effect had the troublesome mule been delivered direct to plaintiff.

It is next urged the exchange of mules was not the proximate cause of the injury. Various are the definitions of proximate cause, and varied are the facts in the cases undertaking a definition of this term. By way of illustration, we will refer to a few of them.

In Shearman & Redfield on the Law of Negligence, section 26, it is said:

"The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred. Proximity in point of time or space, however, is no part of the definition."

Thompson on Negligence, section 52:

"Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and

natural course of events, though such consequences be immediately and directly brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer.''

21 Amer. & Eng. Enc. of Law, page 490:

''It is well settled that the mere fact that there have been intervening causes between the defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say, the plaintff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries, other causes, conditions, or agencies have operated, and when this is the case the defendant is liable. So the defendant is clearly responsible where the intervening causes, acts, or conditions were set in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is generally held, if the intervening acts or conditions were of a nature the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself.''

Proximate cause is the efficient cause, i. e., the one that necessarily sets the other cause in motion. It is the one which originates and sets in motion the dominating agency that necessarily proceeds, through other causes as mere instruments or vehicles in a natural line of causation to the result. It is the predominating cause in the production of an injury. By this term is not meant the last act or cause or the nearest act to the injury, but such act wanting in ordinary care as actively aided in producng the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circumstances. 22 R. C. L. 111-112.

The fact that the concurring cause or intervening act was unforeseen will not relieve from liability one guilty of primary negligence, unless it is so extraordinary and unexpected that it could not have been anticipated. Watson v. K. & I. Bridge & R. R. Co., 137 Ky. 619, 126 S. W. 146, 129 S. W. 341.

If the injury is the natural result of a neglect of duty it is sufficient. See further Louisville Home Tele. Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548; City of Louisville v. Hart's Admr., 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 297. Application

of the foregoing definitions to the facts of this case leave no doubt in our minds that the entry of the new mule into the service of the mine was the proximate cause of plaintiff's injury. The only intervening agency between the induction of the mule into the service and the accident was the exchange of the mules, and if this was in obedience to a custom long established and practiced with defendant's acquiescence we cannot say defendant was not negligent. But for the fact the fractious mule was placed in the mine the accident would not have happened. The exchange of a gentle, well broken mule would not have brought about such a result.

We are asked as a matter of law to say that sending the mule into the mine was not the proximate cause of plaintiff's injury. This we can not do. Whether the act of sending the mule to the mine was the efficient cause of the accident was, under the circumstances, for the jury.

It is next urged that the court erred in its instructions to the jury. In the original petition the cause of action was based upon the alleged negligence of defendant in furnishing plaintiff a dangerous mule. In an amended petition recovery was based on the custom and usage among the drivers of exchanging mules with one another, a custom well known to defendant and those in charge of the operation of its mine. Since the new mule was not given to plaintiff in the first instance recovery must be allowed, if at all, upon proof of the alleged custom. Without entering into a detailed discussion of the instructions, we are of the opinion that it was necessary to submit this question to the jury, viz.: whether there was such a custom in the mine known to the defendant, under which custom the mules were exchanged, an issue not submitted to the jury. While the instructions are criticised very severely, with this exception we think they fairly submitted the issues involved to the jury. Upon a retrial the first instruction will be so modified as that this question will be incorporated therein.

In the second instruction the jury was authorized to award a sum not exceeding $300.00 for expenses incurred by plaintiff in the way of physicians' bills and medicines. This was error because there was no evidence that this amount or any sum had been so expended; on the contrary, plaintiff expressly states that he had not expended anything in this regard. If there is no evidence of any such expenditures, upon a retrial

this item should be eliminated from the second instruction.

For the reasons given the judgment will be reversed for a new trial in conformity herewith.