## Dunn, By, Etc. v. Central State Hospital, et al.

(Decided February 20, 1923.)

### Appeal from Jefferson Circuit Court
(Common Pleas, Second Division.)

1. Charities—Liability for Negligent Acts.—A state hospital is not liable for the negligent acts of its officers, agents and servants resulting in damages to others.

2. Railroads—Not Liable for Damages for Negligent Use of Car by Agents of State Hospital.—A steam railway company which carries a gon of coal from the mines to its consignee, state hospital, and places the car upon the siding where the agents and servants of the hospital may reach and take it by means of an electric motor, and push it on to the hospital property, is not liable in

damages to one injured upon the highway by coming in contact with the said car of coal while being moved by the agents and servants of the hospital in said manner over and across the public highway even though the railroad company and its director general may have reason to anticipate that the agents and servants of the hospital are not skilled in the management and control of railroad gons and that the same would be moved by them across the public highway upon which members of the public constantly travel.

3. Railroads—Not Liable for Damages for Injury Caused by Negligence of Agent of State Hospital.—An interurban railroad company which furnishes electric current for power purposes to the state hospital by which it operates its plant and drives its motor to pull supplies from the railroad switch over a private switch on to the hospital property is not liable in damages to a person injured by coming in contact with a gon of coal while being moved by the agents and servants of the hospital over and across a public highway, even though the agents and servants of the interurban company knew that the agents and servants of the hospital were incompetent in the management of motor cars; and that said agents and servants would move said gon of coal over and across a public highway over which members of the public constantly travel, in the absence of a showing that the interurban company was negligent in the manner of delivery of the said electric current to the said hospital.

LOGAN & MYATT for appellant.

TRABUE, DOOLAN, HELM & HELM, CHAS. I. DAWSON, Attorney General, STRAUS, LEE & KREIGER, MARTIN T. KELLY, JOHN G. HEYBURN, B. D. WARFIELD and J. J. DONOHUE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Elizabeth Dunn was injured when the automobile in which she was riding collided with a railroad coal gon which the agents and servants of the Central State Hospital for the Insane were pushing by means of an electric motor from the L. & N. railroad tracks at Lakeland across the public highway on to the grounds and property of the asylum, a state institution. She sued by her mother, as next friend, to recover $10,000.00 damages, making the Central State Hospital, alone, defendant. Later and before answer she filed an amended petition making John Barton Payne, Director General of Railroads, including the Louisville & Nashville R. R. and the Louisville Interurban Railway Company, both,

defendants, and reaffirmed all the averments of the original petition filed against the hospital. A demurrer on behalf of each of the defendants was sustained by the trial court and another amended petition was filed. Again the trial court sustained a general demurrer on behalf of each of the defendants. The plaintiff declining to plead further her petition was dismissed, and this appeal results.

The Central State Hospital is a state institution and is not, as we have held in numerous cases, liable for the negligent acts of its officers, agents and servants which result in injury to the person of another. Ketterer's Admr. v. State Board of Control, 131 Ky. 287; Leavelle v. Western Kentucky Asylum, 121 Ky. 213; Zoeller v. State Board of Agriculture, 163 Ky. 451; Williamson v. Ind. School of Reform, 95 Ky. 251; Emery, By, &c. v. Jewish Hospital Association, 193 Ky. 400.

As the Central State Hospital, admitted in the petition as amended to be a state institution, exercises part of the sovereign functions of the state government, it cannot be made liable in an action for tort, as the state can do no wrong, neither can its servants do wrong for it, or in its name so as to make it liable in such cases. Elmore v. Fields, 153 Ala. 345; 127 A. S. R. 31. Clearly the appellant could not maintain an action for personal injury against the Central State Hospital, a state institution, for the injury occasioned to her through the negligence of its employes, if any, in operating an electric motor truck in the regular line of their employment. She might, however, have had and maintained an action against the employes of the asylum operating the electric motor if their negligence was the proximate cause of her injury.

The Director General of Railroads who at that time had charge of the Louisville & Nashville Railroad was made a party defendant and averred to be liable for the injury to appellant because he transported the gon of coal from the mines to Lakeland which later struck appellant's automobile, and placed the said gon on the railroad sidetracks at its station at Lakeland, where later the servants of the asylum came with their electric motor and pushed it from the said side tracks on to the private track owned and operated by the asylum, which said track extended across the highway upon which appellant was traveling at the time she was struck and injured. If

the Director General of Railroads is liable at all it is because he set the gon of coal on his sidetracks where the asylum, as consignee, could send its motor and take and carry it on to the asylum property to be used in furtherance of the business of the institution. It is not contended that the railroad company owned the tracks over which the asylum carried its coal and other supplies, nor that it had any control over said tracks or over the employes of the asylum, or its electric motor. It is alleged, however, in the petition that the Director General of Railroads and his servants in charge of the gon knew that the employes of the asylum would come on to the sidetrack and get and carry away the gon loaded with coal and would push the said gon over the tracks crossing the highway and thus endanger persons passing and having a right to pass and be upon said public highway, and that the Director General's negligence consisted in so placing the car that the servants of the asylum could carry it away with the knowledge on the part of the Director General that said servants were unskillful and would likely so operate the motor and push the car as to injure persons upon the highway. There is no authority or ground for holding that a carrier is responsible for an accident occurring on the lines of a subsequent carrier or on the switch of an industrial corporation, after the first carrier has lost control over the freight car by delivery. The first carrier is not required to anticipate the inability of the crew of the subsequent carrier or company to prepare, manage and safely handle said car after its delivery to it. The petition, in substance, alleges that the Director General of Railroads had no connection whatever with the operation of the coal car after it had been set on the sidetrack at Lakeland, to which point it was destined. The placing of the coal gon on the said sidetrack was a delivery of the same to the asylum, and the Director General of Railroads had no further control over it. When the servants of the asylum with the electric motor took charge of the said car of coal and began to move it off the tracks of the Louisville & Nashville Railroad and on to the private tracks of the Central State Hospital a new and independent intervening cause of the injury arose for which neither the Director General nor the Louisville and Nashville Railroad Company were in any wise liable, even though his and its servants and agents had knowledge that the servants and agents.

of the asylum were incompetent to handle or manage such railroad gon. It has never been held, and we apprehend it will never be decided, that a freight car is a dangerous instrumentality requiring the owner to exercise extraordinary care in selecting prudent persons to whom such car may be consigned, or persons who will be skillful in managing and operating the same on private tracks over which the railroad has no control. L. & N. R. R. Co. v. Sickings, 68 Ky. 1; Logan v. C. N. O. & T. P. Ry. Co., 139 Ky. 202.

Appellant sought to hold the Louisville Interurban Railroad Company responsible for her injury by averring that the said company, in addition to knowing that the agents and servants of the hospital were incompetent to handle a railroad gon and that the agents and servants of the interurban company knew that the private tracks of the hospital ran over and across the public highway, and that injury was likely to result to members of the public upon the said highway from the operation by the servants of the asylum of said gon and electric motor over and across the same, that the said interurban company furnished electric current to the hospital as power to and with which it did operate and move its said electric motor and move and push the said car of coal. The petition, however, contains no averment that the interurban company had any management or control over or of the crew, motor or tracks of the asylum. Nor does it aver that the current furnished by the interurban company to the asylum was improperly and negligently conducted by the interurban company on to the wires of the asylum, or that the current so furnished by the company to the asylum directly or otherwise injured appellant, except that it was the power which was employed by the asylum to move the coal gon. It is lawful to sell and supply electric current to another and we know of no case in which it has been held that the seller of current was held liable for an injury resulting from the negligent act or acts of the servants of the purchaser of the current committed in the course of their employment. Many manufacturing plants, having no power plant, buy electric current of a utility company which produces the same for sale, but no court has ever held that the utility company is liable for the negligence of the employes in the manufacturing plant. The asylum was entirely independent of the interurban company in the management and

control of its motor and tracks. The injury of appellant, whether negligent or otherwise, did not result directly or proximately from any act, order or direction of the interurban company.

"A prior and remote cause," says 29 Cyc., p. 496, "cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury. If no danger existed in the condition except because of the independent cause such condition was not the proximate cause."

The same text on page 489, says: "In order to establish proximate cause it is necessary in the first place that there be a causal connection between the negligent act and the injury. The act must have been such that without it the injury would not have happened. It must have been the cause which produced the injury, the *casua causans*. And hence where the act did not contribute to the injury it cannot be the proximate cause. The mere fact that the negligence in point of time preceded the injury does not of itself establish the causal connection, and although the negligent act may have been the cause of one injury it will not be considered the proximate cause of another injury resulting from the voluntary and independent action of the injured person, although the negligent act causing the first injury caused or may have caused conditions which contributed to the second injury, and but for whose existence the second injury might not have happened." Louisville Gas Co. v. Kaufman, 105 Ky. 131; Cundiff v. City of Owensboro, 193 Ky. 168.

The proximate cause of an injury is, according to the experience of mankind, probably that cause which led to the event which happened; and the remote cause is that which would not, according to such experience, lead to such an event. Therefore, proximate cause is to be determined by the average experience of mankind. This can be found only by a jury under proper instructions. Beiser v. C. N. O. & T. P. Ry. Co., 152 Ky. 522.

What is the proximate cause of an injury is ordinarily a question for a jury; and once the facts are agreed, or are such that but one conclusion can be drawn by reasonable men, the question is for the court, otherwise it is for the jury. Denker Transfer Co. v. Pugh, 162 Ky. 818.

As neither the setting of the coal gon on the side-tracks at Lakeland nor the furnishing of the electric current by the interurban company to the asylum was the direct or proximate cause of the injury of appellant, the trial court's judgment sustaining the demurrers to the appellant's petition and later dismissing her cause when she failed to further plead, was not error, and the judgment must be and is affirmed.

Judgment affirmed.