## Royal Restaurant, et al. v. Ashcraft, By, etc.

(Decided December 19, 1924.)

### Appeal from Estill Circuit Court.

1. Master and Servant—Servant's Fall in Pouring Coffee Held Due to Way he Stood on Box.—In servant's action for injuries when box on which he was standing to pour coffee into an urn tipped

over resulting in a severe scalding to him, evidence held to show that his fall was due entirely to way he stood on box and not to fact that part of contents had been taken from box.

2. Master and Servant—No Duty of Inspection by Employer if Simple Tools Reasonably Safe when Furnished.—Generally, an employer is bound to inspect tools and appliances furnished his employes, and to keep same in sufficient repair, but no duty of inspection of common or simple tools devolves on him if tools are reasonably safe when furnished.

RIDDELL & SHUMATE for appellant.

ROSE & STAMPER and EZART ASHCRAFT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Forrest Ashcraft, who was then 17 years old, was employed by appellants in their restaurant. It was a part of his duty to bring a five-gallon coffee pot from the kitchen and pour the coffee in an urn which sat in the restaurant. When he had been at work there about a week he fell while pouring the coffee into the urn and was badly burned by the boiling coffee. He brought this suit to recover for his injury, and on final hearing there was a verdict and judgment in his favor for $500.00. The defendants appeal.

His own statement of the facts briefly put is as follows:

"The first morning I went there I carried the coffee up in front to pour it into the urn and when I went up there with the coffee to pour it in Mr. Fowler (appellant) told me I was not tall enough to pour it in there and he pulled out a box from under the counter and told me to stand upon that. I stood upon the box and I had to get the coffee up over my head to pour it in the urn. The top of the urn was 5 1/3 feet from the floor. After that I poured out the coffee as he told me by standing on this box, as he directed. The box held pancake flour. The morning I was hurt some of the cooks took out of the box a part of the flour and I stepped upon that box and it wasn't solid and I stood back on the edge of the box to place my foot and pour the coffee into the urn and as I stepped back with my foot on the edge of the box the box turned over and I went onto the floor and turned the whole five gallons of coffee on me."

The undisputed proof is that the box was square, 12 or 15 inches across the top and about a foot high. It was a pasteboard box. It did not belong to the owners of the restaurant but to a third person who had left it there for safekeeping. The night before one of the cooks, needing some pancake flour, opened the box and took out three one-pound packages of the pancake flour, leaving twenty-one like packages in the box. The result of taking out these three packages was to leave this much space empty, so when appellee stepped upon the box the pasteboard went down to this extent. There was no danger in this, but when this happened "he stood back on the edge of the box." When he put his weight on the edge of the box this made the box turn over, and this would have happened just the same if the three pounds of flour had not been taken out of the box. The primary cause of his fall was his putting his weight on the edge of the box. His fall was due entirely to the way he stood on the box and was not occasioned directly by the fact that the three pounds of flour had been taken out of the box. His fall was an accident, such as often happens in handling the simple things of life, for which the defendants are not liable. What happened was not reasonably to be anticipated from the fact that three pounds of flour had been taken out of the box.

> "To the general rule that an employer is bound to inspect and test the tools and appliances furnished to his employees and to keep them in sufficient repair, there is an exception in the case of common or simple tools. In regard to these it is settled that no duty of inspection devolves upon the employer if the tools are reasonably safe when furnished." 18 R. C. L. 563.

The court should have, therefore, instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial.