Affirming.
Appellant, Clarence Blackaby, was employed as a section hand by appellee, Louisville Nashville Railroad Company, and while engaged in that labor for it claims to have been injured because of its negligence. He instituted this action to recover for the injury, and upon the trial, at the conclusion of the evidence introduced for him, the trial court sustained appellee's motion for a directed verdict in its favor. From the judgment entered dismissing his petition he prosecutes this appeal.
It appears that in September, 1923, while a section crew was engaged in track repairing appellant, using tie-tongs, was pulling a new creosoted crosstie under the rails of appellee's railroad track to replace an old tie *Page 369 
that had been removed. The tie-tongs slipped and appellant fell backwards across the other rail of the track, receiving the injuries of which he complains. He contends that he made a case sufficient to go to the jury upon the theory that appellee failed to furnish him a safe instrumentality with which to work. There is no contention or testimony that any part of the tie-tongs was defective or broke or gave way or that any of its mechanism was out of order, to which appellant's injuries may be attributed. The sole particular in which it is claimed for appellant that the tie-tongs was unsafe was that its hooks or points which come in contact with and grip the ties were not sharp enough. We find that the testimony offered for appellant on that question is largely the theory of the respective witnesses as to how appellant happened to fall. They theorize that the tie-tongs slipped and caused appellant to fall because the points which came in contact with the tie were not sharp enough to hold. The accident occurred in the afternoon, and it seems that the tie-tongs in question had been used all day without slipping. Two of them, neither of which, however, appears to be the particular tongs being used by appellant at the time, were introduced in evidence herein and have been brought up with the record as exhibits for this court's inspection. They consist of two metal parts about 30 inches long, which are riveted together about 16 inches from the top. Above the rivet the two parts are straight and are finished at the top with elliptical hand-holds so set as to open at the top. Below the rivet the two parts curve and are finished with hooks or points set to face each other. The two parts work on the rivet as an axis. One using the tongs opens it to grasp a tie by pulling the handles apart. When it has been opened sufficiently to take the tie, by pressing the handles at the upper end together the two points are closed upon and take hold of the tie and it may be thus dragged by the use of the tongs. A simpler implement and one whose use involves less knowledge of mechanics would be hard to devise. As constructed, whether or not the tongs will hold or slip from the tie, depends largely upon the force with which the handles are held together, and, however sharp the points may be, if in moving a tie by use of tongs the operator pulls his hands apart the hold on the tie is released and the tongs will slip. That fact is apparent from the most superficial examination of the tool in question. It is so *Page 370 
simple in its mechanism that a person of ordinary intelligence and experience can at once perceive the safe and proper mode of operating it. Appellant appears to have had three years' experience in its use as a section hand, and to be of ordinary intelligence. That the points were or were becoming dull, if such was the fact, was as readily observable to appellant as to any one. It took neither skill nor experience beyond the ordinary to observe that fact and to appreciate the resulting danger, if any, of the tongs thereby being more likely to slip from the tie.
The general rule is that it is the duty of the master to furnish his servant with reasonably safe instrumentalities wherewith to do his work. In the application of that rule there has grown up and has come to be recognized uniformly by courts of this country what is commonly called the simple tool doctrine. Where the tool is so simple that a person of ordinary intelligence and experience can at once perceive the safe and proper mode of operating it, and that defects, if any, existing or developing in it can be easily and readily observed by the servant, the master is relieved of the duty of inspection; and injuries suffered by the servant while using such tools are regarded as the ordinary hazards of the occupation, the risk of which he assumes upon accepting the employment. The instrumentality here in question clearly falls within the simple tool doctrine, and the trial court, at the conclusion of appellant's testimony, properly directed a verdict for appellee. For cases in point see: C., N. O. T. P. Ry. Company v. Burton, 184 Ky. 2, 211 S.W. 186; Consolidation Coal Coke Company v. Music, 176 Ky. 790, 199 S.W. 1074; Pruitt v. N. 
W. Ry. Company, 188 Ky. 204, 221 S.W. 552; Hoskins v. L. N. R. R. Company, 167 Ky. 665, 181 S.W. 352; Donahue v. L. H. 
St. L. Ry. Company, 183 Ky. 608, 210 S.W. 491; McGaughey v. Hines, 193 Ky. 312, 235 S.W. 742; Turkey Foot Lumber Company v. Wilson, 182 Ky. 42, 206 S.W. 14; Ohio Valley Ry. Co. v. Copley, 159 Ky. 38, 166 S.W. 625.
Judgment affirmed. *Page 371