## Davidson v. Perkins-Bowling Coal Co.

(Decided Oct. 9, 1934.)

650

C. A. NOBLE for appellant.

H. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Beckham Davidson, an employee of the Perkins-Bowling Coal Company, claims that on the 18th day of August, 1932, he sustained an injury by an accident arising out of, and in the course of, his employment, resulting in the amputation of the thumb of his left hand; the enduring of great pain; loss of time for a period of two months, and the incurring of hospital bills. At the time he sustained the injury, the Perkins-Bowling Coal Company was eligible to, but had not accepted, the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), and he avers his injury was brought about by gross negligence on the part of the defendant."

By an amended pleading, he asserted at the time he sustained the injury he was engaged in mining and loading coal, and "it was necessary for him to set certain timbers or props for the purpose of supporting the roof of the mine," and in the setting them "it was necessary to use cap boards which were placed on top of the posts"; the posts or props were furnished by the company, but it "failed and refused" to furnish cap boards according to specifications, and, in order to set the props for his protection, it was necessary for him to hew or alter the thickness of the cap boards before they could be used on the top of the props, and "the company carelessly and negligently failed and refused to furnish cap boards of proper thickness and because

of the wrongful and careless acts on the part of the defendant, the plaintiff in attempting to hew or trim the cap boards so that they could be used, cut off the thumb of his left hand and his injury was brought about wholly on the part of the defendant company in failing and refusing to furnish cap boards and posts of proper thickness.''

In a second amendment, he alleged, ''in addition to the wrongful and careless acts on the part of the defendant,'' set out in his first amendment, ''the coal company at the time it employed its men knew they would be required to use an ax in the mine for various purposes and that it wrongfully and negligently failed to instruct the plaintiff as to what use he would be required to use said ax, or how he should hold or trim a wedge in connection with the fastening of the post or cap boards, or to instruct them that it was necessary or that he would be required to trim said cap boards or wedge before using same; that this plaintiff did not know of the requirements as to fixing said cap boards at the time of the said employment.''

To the petition as amended, the court sustained a general demurrer, and dismissed the same.

Davidson insists it is the general rule in an action for personal injury that ''it is sufficient to allege in general terms the injury complained of was occasioned by the negligence and carelessness of the defendant, his servant or agent, without stating the circumstances which accompanied the injury in order to show it was occasioned by negligence,'' and ''the allegations are adequate when they are such as to enable a person of ordinary understanding to know what is intended to be relied upon as the basis of liability.'' Newman's Pleading, Practice & Forms (3d Ed.) vol. 1, sec. 324-A, pp. 428, 429; Chiles v. Drake, 2 Metc. 149, 74 Am. Dec. 406; Gaines & Co. v. Johnson, 133 Ky. 507, 105 S. W. 381, 32 Ky. Law Rep. 58; Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942.

The correctness of this rule is not doubtful. Its application to the facts alleged in the petition as amended is one of the decisive questions now to be determined.

Davidson had no cause of action for the injury he sustained unless the coal company, although not operating under the Workmen's Compensation Law, was guilty

of negligence of some sort or in some degree. Perkins-Harlan Coal Co. v. Mercer, 235 Ky. 618, 32 S. W. (2d) 14; Ray v. United Elkhorn Coal Co., 244 Ky. 417, 51 S. W. (2d) 248; Deboe's Adm'r v. West Ky. Coal Co., 216 Ky. 198, 287 S. W. 568; Duvin Coal Co. v. Fike, 238 Ky. 376, 38 S. W. (2d) 201.

Therefore, in order to state a cause of action, it was incumbent upon him to allege facts giving rising to a duty, alleged to have been breached, by either general or specific negligence as the proximate cause of his injury. Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S. W. (2d) 16, 85 A. L. R. 1086; Ingraham v. Blevins, 236 Ky. 505, 33 S. W. (2d) 357; American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, 119.

In the last-cited case we stated the familiar, elemental rules of pleading, thus:

"Negligence may be alleged generally. Illinois Cent. R. Co. v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590. Under such an allegation of negligence the plaintiff may prove any act of negligence of the defendant [Monroe v. Standard Sanitary Mfg. Co., 141 Ky. 549, 133 S. W. 214], but, where he alleges special acts of negligence [Louisville & N. R. Co. v. Kirby, 173 Ky. 399, 191 S. W. 113; Louisville & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Chesapeake & O. R. Co. v. Cooper, 168 Ky. 137, 181 S. W. 933; Pullman Co. v. Pulliam, 187 Ky. 213, 218 S. W. 1005; Louisville & N. R. Co. v. Morgan's Adm'r, 225 Ky. 447, 9 S. W. (2d) 212; Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942], or where the petition contains a charge of general negligence, coupled with the specific acts of negligence, he is confined to the specific acts [Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084]. And, where a general allegation of negligence is followed by an explanatory charge of specific acts, the plaintiff is likewise confined to the specific acts. Manwaring v. Geisler, 191 Ky. 537, 230 S. W. 918, 18 A. L. R. 192; Id., 196 Ky. 110, 244 S. W. 292. In Barksdale's Adm'r v. Southern R. Co., 199 Ky. 592, 251 S. W. 656, the original petition contained allegations of general negligence, but by an amended petition specific acts of negligence were set out. It was held that the amended petition op-

erated to exclude the right of the plaintiff to recover on the ground of general negligence.''

Our view of the original petition is, it contains no allegation of general negligence, but assumes Davidson was entitled to recover solely because the coal company was eligible to accept, but had not accepted, and was not operating under, the Workmen's Compensation Act.

The first amendment endeavors to allege specific acts of negligence; the second contains allegations showing the coal company's failure to impart information to Davidson as to the use of an ax.

Davidson's cause of action must be determined by the specific acts of negligence set forth in his first and second amendment.

The determinant question is whether the specific acts of negligence relied on were the proximate cause of his injury. Hick's Adm'x v. Harlan Hospital, 231 Ky. 60, 21 S. W. (2d) 125. ''The proximate cause of injury is that which in a natural and continuous sequence, unbroken by independent causes, produces the injury, and without which it would not have occurred.'' City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207. ''It is the efficient cause which sets in motion a train of events which causes the injury complained of without the interventon of any force initiated and actively operating from an independent source.'' 22 R. C. L. 110. It is that cause which produces the accident without which the accident would not have happened. Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225 S. W. 1070; Overton's Adm'x v. City of Louisville, 221 Ky. 289, 298 S. W. 968; Sutton's Adm'r v. Ky. Utilities Co., 245 Ky. 470, 53 S. W. (2d) 711; Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S. W. (2d) 465; Park Circuit & Realty Co. v. Ringold's Guardian, 242 Ky. 255, 46 S. W. (2d) 106.

Remote cause of an injury is ''that which may have happened and yet no injury have occurred, notwithstanding that no injury could have occurred if it had not happened; or that cause which some independent force merely took advantage of to accomplish something not the probable or natural effect thereof.'' 22 R. C. L. 132.

''The 'proximate cause' of an injury is, according to the experience of mankind, probably that cause which

led to the event which happened; and the 'remote cause' is that which would not, according to such experience, lead to such an event.'' Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216, 218.

It is not alleged in any pleading the cap boards, or the use of them by Davidson, caused his injury, but, when his pleading is read and correctly interpreted, it is very plain its import is the sole cause of his injury was his use of the ax. Louisville Gas Co. v. Kaufman, 105 Ky. 131, 48 S. W. 434, 20 Ky. Law Rep. 1069; Cundiff v. City of Owensboro, 193 Ky. 168, 235 S. W. 15; Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216; Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225 S. W. 1070.

The ax is a simple tool, and a person of ordinary intelligence and experience can at once perceive the safe and proper mode of using it, or how to use it with safety to himself in the trimming of a wooden cap board without instructions or assistance. The ax is used in the home, on the farm, and in fact any time and everywhere by men, women, and children, both competent and incompetent. Hoskins v. L. & N. R. Co., 167 Ky. 665, 181 S. W. 352; Con. Coal & Coke Co. v. Music, 178 Ky. 790, 199 S. W. 1074; Turkey Foot Lbr. Co. v. Wilson, 182 Ky. 42, 206 S. W. 14; Pruitt v. Norfolk & W. R. Co., 188 Ky. 204, 221 S. W. 552; Royal Restaurant v. Ashcroft, 207 Ky. 364, 269 S. W. 305; Blackaby v. L. & N. R. Co., 213 Ky. 368, 280 S. W. 1093.

And, aside from the question of proximate or remote cause of Davidson's injury, his cause of action as stated in the petition as amended is within the rule: ''The master need not examine an ax for defects or instruct an experienced servant how to use it,'' and his failure to advise the latter how to use it is not actionable negligence.

It is apparent it is our view the court properly sustained the demurrer to the petition as amended.

Wherefore the judgment is affirmed.