## Combs v. W. P. Sullivan & Co.

(Decided March 11, 1938.)

CARL D. PERKINS for appellant.

H. H. SMITH for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

The question presented on this appeal is whether or not appellant, in an original and two amended petitions, stated a cause of action. The judgment appealed from is one sustaining demurrers to the original and amended petitions, which were dismissed by the court upon appellant's declination to plead further.

The second amended petition alleged that Sullivan & Co., a partnership, was engaged in Knott county in a "general stave business; cutting timber in the woods, transporting it to a sawmill, and there manufacturing it into stave blocks, then into staves, and shipping the product to various points."

It was alleged that at the time of the injury appellee was working a large crew of men, as many as seven or eight employees, thus making appellee eligible to operate under the provisions of the Kentucky Workmen's Compensation Act, Kentucky Statutes, sec. 4880 et seq., but that it had not elected to do so and was not at the time so operating.

In the original petition the appellant, suing by his mother as next friend, alleged that he was 17 years of age; that on October 9, 1936, he was employed by appellee "To work about a saw mill on Ball's Fork, and accepted employment. That on the first day of his employment, while the defendants were operating the saw mill, and he was working under the direction of his employers, and assisting in operating the same, the defendants so recklessly and carelessly operated the said saw mill and by carelessness and gross negligence in directing this infant plaintiff to work in an extra hazardous place about said saw mill, and while so engaged in said work, under the direction of the defendants, and at a place that the defendants knew, or could have known by the exercise of ordinary care, was an extra hazardous place, which plaintiff did not know or could have known by the exercise of ordinary care, being the first day he had ever worked there, he got his left thumb and a portion of his left hand cut off, all through the carelessness, recklessness and negligence of these defendants."

He then alleges impairment of his power to earn a livelihood, his pain and suffering, for which he asked $1,500 damages, and special damages on account of past and future necessary medical treatment, for which he prayed for $200. In his first amended petition he pleads that while working under the direction of the master, and he, "being young and inexperienced about a saw mill," and while working in "said place in connection with said saw mill and near said saw * * * said saw struck his left thumb, and cut it completely off; that said injury was the direct and proximate result of the carelessness and negligence of defendants, in the operation of the said saw mill and in placing this plaintiff in danger of being hurt or injured by said saw, and without warning him of said danger."

Appellee, in arguing that the court properly sustained demurrer to the petition and the petition as amended, asserts that, in order to charge actionable negligence against defendants, it was incumbent upon plaintiff to allege facts giving rise to the duties he was employed to perform, the work he was required to do; that the plaintiff not only failed in the respect stated, but also failed to allege that he was in the line of duty when injured; that his allegation that the defendants

were negligent in directing him to work in an extra-hazardous place about the mill is but a conclusion of the pleader.

It is further contended that it is essential that the servant alleged what he is employed to do, and that he was acting in the scope of his employment when injured, because, if the servant departs from the performance of his task and pursues some other cause not contemplated by his master, and is injured as a result thereof, the master is not liable, even though the injury resulted from the general negligence of the master.

As to the last contention, counsel for appellee cites Lay's Adm'r v. Harlan Producers Coal Corporation, 262 Ky. 612, 90 S. W. (2d) 716, 718, in which several cases are cited upholding the principle just above stated. The facts in that case show that an employer's lineman and electrician was directed to repair or replace worn insulation on a telephone line, where the insulation had been worn away. The servant undertook to relocate the line, in some instances 150 feet away from the original line, and to attach the telephone line to a high powered electric line; in doing so he met his death. We held therein that since there was such a clear departure from the scope of the employment, not anticipated by the employer, the employer was not liable.

It will be noted that, in the case just cited, the decision seems to have turned on the facts presented. Little was said about the pleadings, and we gather that it was alleged that the injury was caused by the gross carelessness and negligence of the master. It appears that the grounds argued for reversal (points 1 and 2) did not deal with any defect in pleading. We said therein:

"Negligence for the consequences of which a master is liable to his servant consist not merely in a general breach of duty on his part, but it must also appear that such breach was the violation of a duty that the master owed to the particular servant at the time and place when and where the latter was injured."

Here, the negligence of the master, if any, consisted in a failure of duty to furnish the servant a safe working place, or to warn him of danger. Read v. Carter, 266 Ky. 346, 98 S. W. (2d) 464.

We further said that, when it appears that the defendant was eligible to operate under the Workmen's Compensation Act, but had elected not to do so, thus eliminating as possible defenses assumed risk and contributory negligence, such state of case would not dispense with the necessity of allegation and proof of actionable negligence toward the injured complainant, proximately causing his injury.

The case of Davidson v. Perkins-Bowling Coal Company, 255 Ky. 649, 74 S. W. (2d) 1, 2, is cited as laying down the principles contended for by appellee, and the general rule that a pleading is deficient unless it allows a person of ordinary understanding to know what is intended to be relied upon as the basis of liability. We repeat what was said in that case as to the general rule: "The correctness of this rule is not doubtful." We said in that case, as we have said in many others of like nature, that complainant had no cause of action for the injury he sustained unless the coal company, though not operating under the Workmen's Compensation Law, was guilty of negligence of some sort or in some degree. Therefore, in order to state a cause of action, it was incumbent upon him to allege facts giving rise to a duty, alleged to have been breached, by either general or specific negligence as to the proximate cause of his injury.

Quoting from American Savings Life Insurance Company v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115, we stated the elementary rules of pleading as follows:

"Negligence may be alleged generally. * * * Under such an allegation of negligence the plaintiff may prove any act of negligence of the defendant, * * * but, where he alleges special acts of negligence, * * * or where the petition contains a charge of general negligence, coupled with the specific acts of negligence, he is confined to the specific acts, * * * and, where a general allegation of negligence is followed by an explanatory charge of specific acts, the plaintiff is likewise confined to the specific acts."

In the Davidson Case, we found that the original petition contained no allegation of general negligence, "but assumes Davidson was entitled to recover solely because the coal company was eligible to accept, but

had not accepted, and was not operating under, the Workmen's Compensation Act."

One amended petition endeavored to allege specific acts of negligence; the second contained allegations showing the coal company's failure to impart to Davidson instruction in the use of the axe. We gather from the opinion that the first amendment nowhere pointed out what was the alleged "proximate cause of the injury," and we determined the sufficiency of the pleadings on the specific acts of negligence set out in the first and second amendments.

This case relied on by appellees is no authority for a conclusion that the pleading now under observation is faulty. It does lay down in a specific way the general rules of testing pleadings, but, as we read the pleadings here, we have no difficulty in concluding it a fairly good plea of general negligence, or a general plea followed or explained by special allegations of negligence.

We have heretofore set out fully the allegations of the petition and its amendments and do not find it necessary to repeat them, nor to make reference to excerpts from the original and first amendment. In the case of Kelly & Shields v. Miller, 236 Ky. 698, 33 S. W. (2d) 662, 664, it was strenuously argued that the allegations of the petition, under which appellee sought recovery, were insufficient. We found there a general allegation followed by explanatory or specific allegations, as follows:

" 'That at said time and place the defendants and their agents and employees superior to, in a different department and grade of work from this plaintiff, with gross negligence and carelessness permitted, allowed and caused an automobile truck to be run upon, against and over this plaintiff'—and also this allegation: 'Plaintiff says the place where he was put to work by the defendants and where he was working at the time he sustained injuries as aforesaid was unsafe; that defendants knew said place was unsafe or could have known this by the exercise of ordinary care; says that said unsafe condition was wholly unknown to this plaintiff.' "

In passing on the sufficiency of the pleading we took occasion to review and carefully analyze a number of cases relied on by appellant, and had no difficulty in

distinguishing them from the there instant case. After doing so, we said:

> "The gravamen of appellee's complaint was that appellants failed to exercise ordinary care to furnish him a reasonably safe place in which to work. His petition set out the place where the accident occurred, the nature of the work at which he was engaged, and that, while so engaged, he was run over and injured by an automobile truck. The allegations of the petition show that appellee was at work in the course of his employment with appellants and under conditions which required them to use ordinary care to provide him with a safe place to work. The existence of this duty being shown, it is sufficient if a negligent violation thereof is charged in general terms."

See, also, Davis' Adm'r v. Ohio Valley Banking & Trust Co., 127 Ky. 800, 106 S. W. 843, 32 Ky. Law Rep. 627, 15 L. R. A., N. S., 402.

We think the foregoing citation clearly demonstrates that the pleadings in the instant case stated a cause of action. Being of this opinion the judgment below is reversed, with directions to set aside the order sustaining the demurrer to the pleadings, and for further proceedings consistent with this opinion.