### Hicks' Administratrix v. Harlan Hospital.

(Decided October 15, 1929.)

R. L. POPE and F. L. HUFF for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The Harlan Hospital, the appellee, is a corporation operating a hospital for profit and gain. W. B. Hicks went to the hospital in March, 1928, for an operation for hemorrhoids, and also to have his tonsils removed. He was placed under the influence of an anaesthetic. After the operation he was turned over to the nurses of the hospital. It is shown by the evidence that Hicks had some difficulty with his respiratory organs after the operation. As his muscles were relaxed his lower jaw dropped down, and that appeared to interfere with his breathing. The doctor instructed the head nurse to keep his mouth closed by raising the lower jaw. The head nurse instructed another nurse who took charge of the case to look after the patient as the doctor had directed. The other nurse did so until time for another nurse to come on. She instructed the last nurse to discharge her duties in the manner indicated by the doctor who performed the operation. The last nurse sat on the bed by the patient, and performed her duties in part only as had been directed. It is established by evidence offered in behalf of the appellant that she failed to give that careful attention to the patient that his condition demanded. Others who were present stated that she was talking to them when it was discovered that the patient was strangling, and before any relief could be administered he died.

With these facts as a basis, the administratrix of Hicks instituted this action to recover damages for his death. The jury returned a verdict for the defendant.

The appellant relies on several grounds for reversal: (1) That the answer was not sufficient to make an issue on material points. (2) The instructions given by the court were erroneous. (3) That incompetent evidence was admitted on behalf of the appellee. (4) That the verdict is not supported by the evidence.

Appellee contends that there was not sufficient evidence to authorize the submission of the case to the jury,

and that the jury should have been instructed to return a verdict for appellee. We will dispose of the question raised by appellee first, and in so doing we will dispose of the contention made by appellant that the verdict is not supported by the evidence. The evidence is to the effect that the surgeon who performed the operation instructed the nurse to look after the patient in a particular manner. These instructions were passed on, and there is no dispute that the nurse in charge at the time of the death of the patient knew the manner in which she was expected to look after the patient. There is some evidence that she did not follow instructions. The evidence is conflicting on this point, and it is because of conflicting evidence that questions must be submitted to a jury. The court properly submitted the case to the jury. It is the general rule that a patient admitted to a hospital conducted for private gain is entitled to receive such reasonable care and attention for his safety as his mental and physical condition, if known, may require. University of Louisville v. Hammock, 127 Ky. 564, 106 S. W. 219, 14 L. R. A. (N. S.) 784, 128 Am. St. Rep. 355; Hignite's Adm'x v. Louisville Neuropathic Sanitorium et al., 223 Ky. 497, 4 S. W. (2d) 407.

There was much evidence offered by appellee tending to show that Hicks did not die as the result of strangulation, but his death was caused by embolism. It was said in the opinion in the case of Illinois Central Railroad Co. v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590, 592: "It is well settled that negligence is never presumed; it must be proven. Either the direct acts of negligence must be shown by the proof or such facts must be established by the proof from which negligence is inferable. All facts and circumstances established by the proof in support of the negligence alleged must be considered in determining whether direct acts of negligence have been established, or, if not so established, whether the facts and circumstances are such as (to) render it reasonably apparent that negligence must be inferred."

The evidence was sufficient in this case to authorize the jury to find that the death of Hicks was caused by the negligence of the nurse, but there was evidence that death resulted from other causes. In the case just cited it was said: "The fact that a defendant has been guilty of negligence followed by an accident does not always mean that the defendant is liable for the resulting injury.

The resulting injury must have been occasioned by the negligence.''

The appellee was well within its rights in attempting to establish that the negligence of the nurse, if any, did not occasion the death of Hicks. As it introduced proof to this effect, it was a question for the jury to determine whether the nurse was negligent, and if the jury did determine that the nurse was negligent, it was necessary for it to determine whether the negligence of the nurse caused the death of Hicks. It cannot be said that the verdict is not supported by the evidence whether the evidence be considered on the one point or the other. The jury may have determined that the nurse was not negligent, and we would be unauthorized to disturb its verdict, or it may have determined that the nurse was negligent, but her negligence did not bring about the death of Hicks, and if that was the basis of the verdict it has ample evidence to support it. The contention made by appellee that there was not enough evidence to take the case to the jury is without merit, and the contention of appellant that the verdict is not supported by the evidence is likewise without any ground to support it.

The attack made on the evidence of doctors on the ground that they were allowed to express an opinion to the jury as to the cause of the death of Hicks is wholly without merit. They testified as experts, and the one thing which an expert witness may do that other witnesses may not do is to give an opinion based upon his knowledge of facts and circumstances.

But it is insisted by appellant that the doctors who testified were allowed to answer a hypothetical question when it did not embody substantially all the facts relating to the particular matter as to which the expert opinion was sought. It is well established that a hypothetical question must embody substantially all the facts relating to the particular matter as to which an expert's opinion is sought to be elicited. 11 R. C. L. p. 580. Taking the questions asked these testifying physicians as noted in the brief for appellant, we cannot agree with appellant that hypothetical questions were put to them. To illustrate, Dr. Lewis was asked this question: ''From your examination of him, and examination you made, tell the jury what, in your judgment, caused his death?'' That was not a hypothetical question. It called for no more than an answer giving the opinion of the doctor as to the cause of the death based upon information obtained by

the doctor from an examination of the body. We find little in the contention that there was any error in the admission of evidence.

The appellee contends that the condition of the body after death indicated to an expert that death could not have been the result of strangulation, and these doctors, after an examination of the body, or with information as to its appearance and condition, were competent to testify that death was not the result of strangulation, and if the facts and circumstances within their knowledge enabled them to do so it was competent for them to give an opinion as to the cause of the death.

The argument advanced against the correctness of the instructions is based largely upon the theory that the court should have authorized the jury to return a verdict for the appellant if it was established by the evidence that appellee employed nurses that were inefficient, incompetent, or not qualified according to the law. Unless such negligence was the cause of the death of Hicks, or unless it tended to bring about a cause which resulted in his death, the hospital could not be held liable. The question in this case is whether the nurse in charge of Hicks at the time of his death was negligent. If she was, the question of whether she was competent, or incompetent, makes no difference. The evidence is aimed at one thing and one alone in the establishment of appellant's cause of action, and that one thing was the negligence of one particular nurse. The court very clearly submitted that question to the jury. The substance of the first instruction is that if the nurse failed in her duty to the patient appellee should be held liable, but if she did not fail in her duty it should not be held liable. Her duty was to be determined by the instructions which she had received coming from the doctor who performed the operation.

If she failed in that duty, appellee must answer for her failure if the failure resulted in the death of Hicks. If she did not fail in her duty, appellee could not be made to respond in damages. If she failed in her duty and that failure did not cause the death of Hicks, appellee could not be held responsible. These questions were clearly submitted to the jury, and no more should be required than that an instruction fairly submit to the jury the question, or questions, at issue to be determined from a consideration of the facts and circumstances placed before the jury as testimony. It is further insisted that

the court in defining the degree of care required of appellee should have measured it by the care required at the time and place of the alleged negligence. In some cases that may be proper, but in this case no jury could have misunderstood the instructions given. It is urged against another instruction that the court defined ordinary care when the instruction used the words "reasonable skill." Probably "reasonable skill" needs no definition, and if the court defined "ordinary care" when the instructions did not use that phrase, certainly no harm was done.

There is no error in the record, and the judgment is therefore affirmed.