**Lucille ARNOLD et al., Appellants,**

v.

**The JAMES B. HAGGIN MEMORIAL HOSPITAL, Appellee.**

Court of Appeals of Kentucky.

June 2, 1967.

James F. Clay, Danville, I. C. James, Harrodsburg, for appellants.

W. Earl Dean, W. Earl Dean, Jr., Dean & Dean, Harrodsburg, for appellee.

WADDILL, Commissioner.

In this action instituted by Lucille Arnold and her husband seeking damages against The James B. Haggin Memorial Hospital the only question presented on this appeal is whether the trial court erred in directing a verdict in favor of the hospital. In essence the alleged negligence is the failure of the hospital's employees to properly protect Mrs. Arnold from injury. The parties stipulated that The James B. Haggin Memorial Hospital is privately owned.

On December 11, 1964, appellant, Mrs. Lucille Arnold, age 41, entered the hospital operated by appellee. A hysterectomy was performed by Dr. Ralph Ballard. During the following two days she was given the normal medication, including drugs to relieve pain. Mrs. Arnold's physician left instructions at the hospital that she be exercised on December 12th. When two nurses attempted to walk Mrs. Arnold she became violently ill and was immediately returned to her bed.

On December 13th, after Dr. Ballard had examined Mrs. Arnold, he again prescribed exercise for her which, he testified, was the usual and necessary treatment. Later that day when two nurses undertook to exercise Mrs. Arnold she protested and stated she was sick and unable to walk. At the trial she described the events leading to her alleged injury thusly:

"* * * I was laying in my bed and Mrs. Lester and Mrs. Royalty came in and told me, said, 'Mrs. Arnold, you haven't been walked today,' and said, 'We have got to get you up.' I was really sick and I told them, I said, 'I don't believe I can walk, I'm so sick.' Mrs. Lester walked around to the foot of

the bed and stood there. Mrs. Royalty took me by my left arm and give it a jerk and she said, 'Get on up from there— doctor's orders, and you have got to do it.' They took me up and took me a few steps out in the hall and Mrs. Lester said, 'Lucille, you're getting sick, aren't you?' I said, 'Noreen, I'm really sick,' and about that time I just completely collapsed and I hit the floor and when I did, I felt this sharp pain in my back and I have lived with this pain ever since."

Mrs. Arnold further testified that while she was being exercised there was a nurse on each side of her who had an arm around her. She stated that at the time she fell " * * * my arms came up this way and they were holding on. * * *. I hit the floor awful hard for two people to be holding on to me."

Dr. Charles Wilson, a neurosurgeon, was of the opinion that, if Mrs. Arnold fell in the hospital, it was a reasonable medical certainty that the fall was the cause of the ruptured disc she now has.

 Upon a motion for a directed verdict a party opposing the motion is entitled to the most favorable inferences that can be drawn from the evidence. When the evidence substantially tends to support the cause of action a verdict should not be directed against him. Current v. Columbia Gas of Kentucky, Ky., 383 S.W.2d 139.

 Applying this rule in the instant case we believe that the evidence, when properly evaluated, presents an issue of whether the employees of the hospital who were assigned to walk Mrs. Arnold and to properly protect her from injury (such as by falling) were negligent in the performance of their duties. Lexington Hospital, Inc. v. White, Ky., 245 S.W.2d 927; Hicks' Adm'x v. Harlan Hospital, 231 Ky. 60, 21 S.W.2d 125. The fact that Mrs. Arnold was being exercised in accordance with her physician's orders does not excuse the employees of the hospital from their duty to use proper care for her safety.

The appellee hospital recovered $1656.55 upon its counterclaim for services rendered Mrs. Arnold while she was a patient there. This portion of the judgment is not in issue. Other questions not specifically adjudicated herein are reserved.

The judgment on the counterclaim is affirmed; the judgment insofar as it dismisses appellants' claim for damages against the appellee is reversed, with directions to set it aside and to grant appellants a new trial.

All concur.