**360**

EPHRAIM McDOWELL HOSPITAL,
INCORPORATED, Danville,
Kentucky, Appellant,

v.

Celia MINKS and W. H. Minks, her
husband, Appellees.

Court of Appeals of Kentucky.

Oct. 31, 1975.

James F. Clay, Sr., Clay & Clay, Danville,
for appellant.

Cabell D. Francis, Stanford, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment obtained by the appellees against the appellant, Ephraim McDowell Hospital, Incorporated, based upon the alleged failure of the hospital to provide reasonable care for the appellee, Celia Minks.

Celia Minks was admitted to the hospital for various tests, one of which required the administration of a barium enema. At 7:00 P.M. on the evening before the test in question, Mrs. Minks was given two and one-half ounces of castor oil, a routine procedure prior to the administration of barium enemas, and at 9:00 P.M. she was given carbital, one and one-half grains. Carbital is a sleeping pill and was given on the directions of the attending physician.

Some time during the night Mrs. Minks attempted to go to the bathroom unassisted although a device to signal for a nurse's assistance was available to her. The bathroom was located in her room just inside the doorway but she proceeded past the bathroom out into the hallway and fell down a flight of stairs. She sustained a fracture of both legs in the fall.

The hospital moved for a directed verdict at the close of the plaintiff's case and again at the close of all of the evidence upon the authority of *Miners Memorial Hospital Association of Kentucky v. Miller,* Ky., 341 S.W.2d 244 (1960). The motions were overruled and the jury returned a verdict in favor of appellees upon which judgment was entered. The hospital moved for a judgment notwithstanding the verdict which was overruled. The hospital appeals.

It is our conclusion that the hospital was entitled to a directed verdict, and having failed to obtain it, a judgment notwithstanding the verdict. The evidence of negligence was insufficient to submit the case to the jury.

We regard *Miners Memorial Hospital Association of Kentucky v. Miller,* supra, as

controlling. In *Miners Memorial* a patient fell while attempting to go to the bathroom unassisted. She had undergone a surgical procedure requiring anesthesia in the morning hours. After the surgery she spent thirty minutes in the recovery room and was returned to her ward. Her husband remained with her for approximately three hours during which time he assisted her to the bathroom twice. After his departure she attempted to go to the bathroom unassisted. She fell and was injured.

We held that a patient admitted to a hospital operated for private gain is entitled to such reasonable care and attention for his safety as his mental and physical condition, known or discoverable by the exercise of ordinary care, may require. That duty however does not require the performance of every act which the most cautious and skillful would employ.

Under the factual situation in *Miners Memorial* we said that there was no evidence of any circumstances from which it could reasonably be said that the hospital was under a duty to have a special nurse in the room with Mrs. Miller and that the mere fact that the accident happened was no indication of negligence on the part of the hospital.

 Likewise there is nothing in the evidence in this case from which the hospital could reasonably be held to anticipate that the administration of one and one-half grains of carbital would cause Mrs. Minks to become confused or disoriented. True, it was expected to induce sleep but hospitals are not required to maintain constant guard over sleeping patients.

The same medication was administered to Mrs. Minks on the night before her injury with no known untoward effects. Her physician testified that the dosage given to her was a normal adult dosage which was intended to induce sleep but which could not be reasonably calculated to cause an adult patient to become unaware of what she was doing. There was no evidence to the contrary.

*Vick v. Methodist Evangelical Hospital, Inc.,* Ky., 408 S.W.2d 428 (1966), cited by appellee, is distinguishable on the facts because in *Vick* the quantity of sedatives and drugs administered was such as to place upon the hospital the duty of anticipating that the patient was likely to be in such a confused state as to require closer nursing attention than was provided. The amount of sedative administered here was not such as to bring it within the rationale of *Vick*.

The judgment is reversed with directions that a new judgment be entered dismissing appellees' claim.

All concur.